**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Elizabeth SALAZAR–GALVAN,**
**Defendant–Appellant.**

**No. 08–40937**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 27, 2009.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Elizabeth Salazar, Marjorie A. Meyers, Federal, Public Defender Federal Public Defender's Office Southern District of Texas, Houston, TX, pro se.

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM: *

Elizabeth Salazar–Galvan (Salazar) pleaded guilty to one count of illegal reentry after deportation following a felony conviction in violation of 8 U.S.C. § 1326(a) and (b). She appeals her within-guidelines sentence of 37 months imprisonment, arguing that the sentence is procedurally unreasonable because the district court failed to provide adequate reasons to explain its choice of sentence.

As Salazar failed to articulate her specific procedural objection at sentencing, this court reviews for plain error. *See United States v. Mondragon–Santiago,* 564 F.3d 357, 361 (5th Cir.2009). To demonstrate plain error, Salazar must show a forfeited error that is clear or obvious and affects her substantial rights. *See id.* If these conditions are met, this court may exercise its discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

There is nothing in the record to indicate that Salazar's sentence would have been different if the court had provided more explanation for its choice of sentence. Salazar has thus failed to demonstrate er-

---

. the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not

be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

ror affecting her substantial rights. *See id.* at 365.

Accordingly, we AFFIRM the district court's judgment.